UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON DEROUEN | CIVIL ACTION |
| VERSUS | NO. 13-4805<br>C/W 13-4806 AND<br>13-5060 |
| HERCULES LIFTBOAT CO., LLC ET AL. | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is a Motion for New Trial/Reconsideration And/Or to Amend/Modify/Revise Findings of Fact and Conclusions of Law or Make New Ones filed by Defendant Hercules Liftboat Company, LLC ("Hercules"). R. Doc. 175. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order.

### I.     BACKGROUND

This admiralty case arises out of injuries that Plaintiffs Jason Derouen, Nathaniel Parker, and Lollo Francis, III, sustained while being transferred from a liftboat, the M/V TILAPIA, onto the stern deck of the M/V Sun Ray. Plaintiffs were not seamen. In their complaints, which are nearly identical, Plaintiffs claim that they were employed by Grand Isle Ship Yard as instrument superintendents. Their duties included hooking up safety systems on offshore platforms. Plaintiffs were quartered on a liftboat, the M/V TILAPIA. Plaintiffs claim that they sustained injuries while being transferred in a personnel basket during a crew change, when they were slammed several times against the deck and side rail of the crew boat. Plaintiffs each brought separate lawsuits against the same Defendants – Hercules Liftboat Company, LLC, the owner and operator of the M/V TILAPIA, as well as Y&S Marine, Inc. and Sun Boats, Inc. According to Plaintiffs, Y&S Marine operated and controlled the crew onboard the M/V Sun Ray, a U.S.

1

Flag Vessel. Sun Boats, Inc. owned the M/V Sun Ray. Plaintiffs claim that the Defendants are jointly liable for their negligence. They each ask for damages in the amount of $2,000,000.00. On September 24, 2013, the three cases were consolidated. The case was bifurcated between liability and damages. R. Doc. 104. The issue of liability came on for trial on September 21, 2015. R. Doc. 164.

The Court issued its Findings of Fact and Conclusions of Law ("Findings and Conclusions") on October 20, 2015, regarding the liability phase of the case. R. Doc. 172. The Court held that Defendant Hercules was 70% at fault, Defendant Y&S Marine ("Y&S") was 30% at fault, and Plaintiffs were not at fault. Defendant Hercules timely filed the instant motion on November 16, 2015.

## II.    PRESENT MOTION

Hercules moves for a new trial, reconsideration of this Court's October 20, 2015, Findings and Conclusions, and the amendment of the Court's Findings and Conclusions. R. Doc. 175. Hercules argues that it is entitled to these remedies because of four alleged errors by the Court. Hercules asserts that: (1) the Court erred in concluding that there was a failure to communicate; (2) the Court erred in concluding that Hercules's crane operator failed to communicate his visibility problems; (3) the Court erred in concluding that Hercules's crane operator should have performed a "dry run"; and (4) the Court erred in making conclusions that stray into issues of damages and/or causation. R. Doc. 175 at 5, 10, 15, 19. Hercules supports its argument by referencing its theory of the case as presented at trial.

Plaintiffs oppose the motion, but agree with Hercules that the issue of damages was reserved for a later phase of the trial. R. Doc. 178. Y&S Marine also agrees with Hercules that this Court's Findings and Conclusions incorrectly strayed into the issue of damages and medical

causation, because these issues were specifically severed from the September 21, 2015 trial. R. Doc. 180 at 2–3. Y&S otherwise opposes the motion. Y&S contends that no manifest error of law or fact exists which justify amending this Court's Findings and Conclusions, but argues in the alternative that the Findings and Conclusions should be amended to find Y&S free from fault. R. Doc. 180 at 12.

Hercules timely replies. R. Doc. 186. Hercules fails to comply with Local Rule 7.7, which limits the number of pages for a reply brief. LR 7.7. Even if Hercules properly complied with the Local Rules, Hercules's reply merely reiterates the arguments presented in its motion.

### III. LAW & ANALYSIS

#### A. Standards at Issue

##### a. Motion for Reconsideration/Motion to Amend

The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp*., 123 F.3d 336, 339 (5th Cir. 1997). However, when a movant seeks review of a judgment, such as in the present case, courts treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order. *Lavespere v. Niagara Mach. & Tools Works, Inc*., 910 F.2d 167, 173 (5th Cir. 1990). The motion is considered a Rule 59(e) motion if filed no later than 28 days of entry of a judgment, and a Rule 60(b) motion if filed after this time period. *See* Fed. R. Civ. P. 59(e). Here, Plaintiffs filed their Motion within 28 days of entry of the Court's Findings and Conclusions; thus, the Motion is treated as a Rule 59(e) motion to alter or amend judgment.

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v.*

*HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence.  *Lavespere*, 910 F.2d at 1674; *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Id.* (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).  "A Rule 59(e) motion should not be used to re-litigate prior matters that . . .simply have been resolved to the movant's dissatisfaction."  *Voisin v. Tetra Technologies, Inc*., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).  District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment."  *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).  A court is only required to amend its findings of fact based on evidence in the record, and to do otherwise would be to defeat "the compelling interest in the finality of litigation."  *Fontenot v. Mesa Petro. Co.*, 791 F.2d 1207, 1209 (5th Cir. 1986).

      b.   Motion for a New Trial

Rule 59(a)(1)(B) of the Federal Rules of Civil Procedure allows the Court to grant a new trial, where there has been a trial without a jury, when a reason exists for which "rehearings have heretofore been granted in a suit of equity in federal court."  Fed. R. Civ. P. 59(a).  Within the Fifth Circuit, a motion for new trial must "clearly establish a manifest error of law or fact or must present newly discovered evidence."  *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990); *see also Pechon v. Louisiana Dep't of Health & Hosps.*, No. CIV.A. 08-0664, 2009 WL 2046766, at *3 (E.D. La. July 14, 2009) (citing *Genova v. Town of Independence,* No. Civ. A. 97–726, 1998 WL 337891, at * 1 (E.D. La. June 22, 1998) ("A motion for new trial in a non-jury case or a petition for rehearing should be based upon manifest

4

error of law or mistake of fact; a judgment should not be set aside except for substantial reasons."). Pursuant to Rule 59(a), whether to grant a new trial is left to the sound discretion of the trial judge, and the court's authority is large. *In re Omega Protein, Inc.*, 2007 WL 1974309, *2 (W.D. La. July 2, 2007) (*citing Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415. 433 (1996)).

B.  Discussion

In the present case, Hercules urges the Court to reconsider its previous October 20, 2015, Findings and Conclusions, but fails to articulate any new argument or cite any new evidence that demands such a remedy. Rather, Hercules rehashes the same arguments presented to this Court at trial. Hercules, for example, contests which party was the "proximate cause of the accident," but merely repeats arguments presented at trial in support of its position. R. Doc. 175-1 at 13–14. Hercules presents no arguments which could be considered "new evidence" or arise to a "manifest error" and compel this Court to overturn its Findings and Conclusions. *Lavespere*, 910 F.2d at 1674. The Court declines to grant Hercules's attempts to relitigate issues already decided by this Court.

The Court additionally finds no manifest error which supports amendment of its references to Plaintiff's injuries in its Findings and Conclusions. Injury is a necessary component of the tort of negligence, and the Court's references to injury and damages were styled as such for purposes of the liability phase of the trial. *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (quoting *In re Cooper/T.Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991) (listing "injury sustained by [the] plaintiff" as an element of negligence); *cf. Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840, 842 (5th Cir. 2005) ("The elements of a maritime negligence cause of action are essentially the same as land-based negligence under the common

law."). This Court could not settle the matter of liability in this case without addressing each of the elements of the tort of negligence. Injury is an element of negligence. *See Canal Barge*, 220 F.3d at 376. Reference to injury by Plaintiffs was therefore proper and not an error of law.

The question that remains for the damages phase of this trial is the nature and extent of said injuries. Nothing in this Court's October 20, 2015, Findings and Conclusions precludes a finding that Plaintiff's damages are nominal, or that Hercules's or Y&S's liability is mitigated by pre-existing conditions, intervening/superseding causes, or issues of medical causation. Thus, there are no grounds for this Court to revisit its Findings and Conclusions.

The Court similarly finds no "manifest error of law or fact" which justifies a new trial. *Simon*, 891 F.2d at 1159. Hercules fails to prove any manifest errors of law by the Court, and the errors of fact cited by Hercules are merely a restatement of Hercules's theory of the case. The Court declines to grant a new trial under these circumstances.

### IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Hercules's Motion for New Trial/Reconsideration And/Or to Amend/Modify/Revise Findings of Fact and Conclusions of Law or Make New Ones, R. Doc. 175, is **DENIED**.

New Orleans, Louisiana this 16th day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE