UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON DEROUEN | CIVIL ACTION |
| VERSUS | 13-4805<br>c/w 13-4806 and 13-5060 |
| HERCULES LIFTBOAT CO., LLC ET AL. | SECTION "L" (1) |

*This document relates only to civil action No. 13-4806 (L. Francis)*

### ORDER & REASONS

Before the Court are Third-Party and Cross-Claim Defendant, Dr. David Wyatt's ("Wyatt"), Motions to Dismiss. R. Docs. 288, 289, 290, 313, 314, 315. Wyatt argues the third-party complaint and cross-claim should be dismissed for lack of subject matter jurisdiction, R. Docs. 288, 315, failure to state a claim, or in the alternative, summary judgment, R. Docs. 289, 314, and because they are time-barred under prescription and the doctrine of laches, R. Docs. 290, 313. Plaintiff Lollo Francis opposes the Motion to Dismiss for failure to state a claim and/or summary judgment, R. Doc. 303, and the Motion to Dismiss for prescription or under laches. R. Doc. 305. Third-Party Plaintiff Hercules opposes each of the motions. R. Docs. 306, 307, 308. Cross-Claimants Samsung Fire & Marine Insurance Company, Sun Boats Inc, Y & S Marine, Inc. ("Y&S") adopt Hercules' oppositions. R. Docs. 310, 311, 312. The Court has read the parties' briefs and heard oral argument on the motions and now issues this Order & Reasons.

I.      BACKGROUND

This admiralty case arises out of injuries that Plaintiffs Jason Derouen, Nathaniel Parker, and Lollo Francis, III, sustained while being transferred from a liftboat, the M/V TILAPIA, onto the stern deck of the M/V Sun Ray.  Plaintiffs were not seamen.  In their complaints, which are

1

nearly identical, Plaintiffs claim that they were employed by Grand Isle Ship Yard as instrument superintendents. Their duties included hooking up safety systems on offshore platforms. Plaintiffs were quartered on a liftboat, the M/V TILAPIA. Plaintiffs claimed that they sustained injuries while being transferred in a personnel basket during a crew change, when they were slammed several times against the deck and side rail of the crew boat. Plaintiffs each brought separate lawsuits against the same Defendants – Hercules Liftboat Company, LLC, the owner and operator of the M/V TILAPIA, as well as Y&S Marine, Inc. and Sun Boats, Inc. According to Plaintiffs, Y&S Marine operated and controlled the crew onboard the M/V Sun Ray, a U.S. Flag Vessel. Sun Boats, Inc. owned the M/V Sun Ray. Plaintiffs claimed that the Defendants are jointly liable for their negligence. They each asked for damages in the amount of $2,000,000.00. On September 24, 2013, the three cases were consolidated. The case was bifurcated between liability and damages. R. Doc. 104. The issue of liability came on for trial on September 21, 2015. R. Doc. 164.

The Court issued its Findings of Fact and Conclusions of Law ("Findings and Conclusions") on October 20, 2015, regarding the liability phase of the case. R. Doc. 172. The Court held that Defendant Hercules was 70% at fault, Defendant Y&S Marine ("Y&S") was 30% at fault, and Plaintiffs were not at fault.

One of the plaintiffs in the original lawsuit, Lollo Francis, underwent back surgery on April 10, 2014. R. Doc. 288-1 at 1. Third-Party and Cross-Claim Defendant, Dr. David Wyatt, was Francis' surgeon. R. Doc. 288-1 at 1. After the surgery, Francis experienced complications, sought a second opinion, and ultimately underwent two additional surgical procedures. R. Doc. 288-1 at 2. Subsequently, he filed a medical malpractice suit against Dr. Wyatt in state court, alleging that Dr. Wyatt negligently misplaced a L5 pedicle screw during the spinal surgery. R. Doc. 288-1 at 2.

2

Now, Defendants Hercules and Y&S, have filed a respective third-party complaint and cross-claim against Dr. Wyatt, adopting the allegations Francis made in the state court suit. R. Docs. 184, 301. The third-party complaint and cross-claim contain virtually the same allegations against Dr. Wyatt, and seek indemnity and contribution from Dr. Wyatt for any sums Francis received as a result of the state court suit. See R. Docs. 184, 301. Dr. Wyatt has filed Motions to Dismiss both the third-party complaint and cross-claim, alleging lack of subject matter jurisdiction, failure to state a claim, or in the alternative, a motion for summary judgement, and that the claims are time barred under laches or state law prescription. Because Dr. Wyatt argues the third-party complaint and cross-claim should be dismissed for the same reasons, the Court will address each Motion to Dismiss the third-party complaint along with the corresponding Motion to Dismiss the cross-claim.

## II.     PRESENT MOTIONS[1]

### A. Dr. Wyatt's Motions to Dismiss for Lack of Subject Matter Jurisdiction (R. Docs. 288, 315).

Dr. Wyatt argues that this matter is before the Court based on maritime jurisdiction, however, the claims against Dr. Wyatt are not based in admiralty. R. Doc. 288-1 at 3. Dr. Wyatt cites to this Court's decision in *International Marine, LLC v. FDT, LLC*, where the Court explained "the Fifth Circuit requires that under Rule 14(c) the Third-Party Plaintiff '(1) assert an action sounding in admiralty or maritime, (2) that arises out of the same transaction, occurrence or series of transactions or occurrences as the plaintiff's original claim, (3) over which the district court has

---

[1] Dr. Wyatt has filed a total of six motions to dismiss the third-party complaint and cross-claim on three grounds each: lack of subject matter jurisdiction, failure to state a claim and/or summary judgment, and to dismiss as time barred under laches or state law prescription. As discussed *infra*, the Court finds it is only necessary to address the motions to dismiss for lack of subject matter jurisdiction at this time.

jurisdiction.' " *Int'l Marine, LLC v. FDT, LLC*, No. CIV.A. 10-0044, 2014 WL 7240143, at *9 (E.D. La. Dec. 19, 2014)(internal quotations omitted); R. Doc. 288-1 at 3. Thus, Dr. Wyatt contends the Court does not have jurisdiction over the third-party complaint or cross-claim.

Further, Dr. Wyatt argues that *Hartzog v. Cayo, L.L.C.*, demonstrates this Court does not have subject matter jurisdiction over these claims. No. CIV.A. 12-2895, 2013 WL 2456377, at *4 (E.D. La. June 5, 2013) (Wilkinson, M.J.) In *Cayo*, the plaintiff filed Jones Act and general maritime claims against the defendant. *Id.* at *1. The defendant filed a third-party complaint against the treating doctor, seeking contribution against the physician for medical malpractice.[2] The court explained that Rule 14(c) *requires* the third-party plaintiff to assert an action in admiralty or maritime. *Id.* at *4. Because the claims in the third-party complaint were not based in admiralty or maritime, the Court held that Rule 14(c) "does not permit the assertion of [the defendant's] claims against the proposed third-party plaintiffs." *Id*. Dr. Wyatt contends that the case here is analogous to *Cayo*, as the defendants in the main demand seek to bring claims for indemnity and contribution against the treating physician based on medical malpractice. R. Doc. 288-1 at 4.[3]

Next, Dr. Wyatt avers that supplemental jurisdiction under Rule 14(a) is inappropriate in this case. Dr. Wyatt rejects Hercules' position that the alleged medical malpractice "arises out of the same core of operative facts as the main admiralty claim." R. Doc. 288-1 at 10. Instead, Dr. Wyatt contends that the basket transfer that caused the initial injury is too far removed from any alleged malpractice that occurred during a medical procedure nineteen months later to arise from the same core of operative facts. (Citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715

---

[2] *Cayo* involved a state law claim under the Louisiana Medical Malpractice Act, which is not at issue in this case. However, the court's discussion of Rule 14(c) is still relevant here.

[3] Dr. Wyatt cites myriad other cases to support this position. See R. Doc. 288-1 at 4-9.

(1966) (holding that supplemental jurisdiction exists when the relationship between the two claims "comprises one constitutional case" and "derives from a common nucleus of operative fact.")). Additionally, Dr. Wyatt argues that this is not a case where the Court should exercise its discretionary supplemental jurisdiction, as supplemental jurisdiction is inappropriate when the only "common fact" is the plaintiff's injury. R. Doc. 288-1 at 14 (citing *Harrison v. Glendel Drilling Co.*, 679 F. Supp. 1413, 1423 (W.D. La. 1988); *see also Miller v. Griffin-Alexander Drilling Co.*, 685 F. Supp. 960, 966 (W.D. La. 1988), aff'd, 873 F.2d 809 (5th Cir. 1989) (holding that while there was arguably a "common nucleus" between two claims involving plaintiff's injuries, "that connection too attenuated to satisfy the constitutional requisites for our exercise of pendent jurisdiction.")). Finally, Dr. Wyatt argues that supplemental jurisdiction would be inappropriate here in light of the malpractice claim already pending against him in state court. R. Doc. 288-1 at 14.

## B. **Hercules' Response**[4]

Hercules opposes the Motion. R. Doc. 308. Hercules argues that under Rule 14(a), a third-party plaintiff is entitled to serve a complaint upon someone who is not party to the action, but may be liable to the third-party plaintiff. R. Doc. 308 at 1. Hercules contends that jurisdiction exists under supplemental jurisdiction pursuant to 28 U.S.C. § 1367, or admiralty and maritime jurisdiction under 28 U.S.C. § 1333. Regarding supplemental jurisdiction, Hercules contends that its claim against Dr. Wyatt arises from the same core of operative facts as the original incident upon which this claim is based. R. Doc. 308 at 2. Hercules avers that Francis will introduce

---

[4] Y&S also filed an opposition, adopting Hercules' arguments in their entirety. R. Doc. 310.

evidence at trial that Hercules is liable for the injuries caused by Dr. Wyatt; thus, it argues, these cases are part of the same case or controversy. R. Doc. 308 at 2.

Hercules distinguishes the cases cited by Dr. Wyatt, and argues that the courts in both *Harrison* and *Miller* agreed that "as regards quantum, there is arguably a common nucleus: both claims concern plaintiff's injury . . ." *Harrison v. Glendel Drilling Co.*, 679 F. Supp. 1413, 1423 (W.D. La. 1988); *Miller v. Griffin-Alexander Drilling Co.*, 685 F. Supp. 960, 966 (W.D. La. 1988), aff'd, 873 F.2d 809 (5th Cir. 1989). Hercules contends that even though the courts did not exercise jurisdiction in those cases, supplemental jurisdiction is warranted here, as the Court has already determined liability and damages are the only issue remaining. Hercules avers that because "the same doctors will testify on the same matters," the claims arise from a common nucleus of operative facts. R. Doc. 308 at 4. Further, Hercules argues that even if the third-party complaint and cross-claim are dismissed, Hercules will introduce evidence regarding Dr. Wyatt's negligence. Thus, they contend the Court should extend discretionary supplemental jurisdiction in this case.

Next, Hercules claims that jurisdiction exists under admiralty or maritime jurisdiction. R. Doc. 308 at 5. Relying on Fifth Circuit precedent, Hercules argues that "where the underlying claim is governed by the general maritime law, the contribution and indemnity claims are as well." R. Doc. 308 at 5. (citing *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F. 2d 229, 235 (5th Cir. 1985)). Hercules contends that under *Marathon*, because Francis' claims against Hercules are based in maritime, Hercules' indemnity and contribution claims against Dr. Wyatt are maritime as well. R. Doc. 308 at 5.

Additionally, Hercules avers that jurisdiction exists by way of its Rule 14(c) tender. Hercules acknowledges that Fifth Circuit precedent establishes that medical malpractice claims are not maritime. (citing *Joiner*, 677 F. 2d at 1035). However, it contends that it is not clear

6

"whether the tendered claim itself [in a Rule 14(c) tender] must be a maritime claim." R. Doc. 308 at 8. Hercules argues that according to Wright and Miller, impleader is permissible "in any case in which the transaction or occurrence involved gives rise to both maritime and non-maritime claims." Wright and Miller, 6 Federal Practice & Procedure (3d ed.), §1465, n.46. According to Hercules, Rule 14(c) "only requires" that the original claim be based on admiralty, and the third-party claim arise from the same transaction or occurrence.[5] Thus, Hercules avers that allowing the third-party complaint will "reduce the possibility of inconsistent results . . . eliminate redundant litigation, and prevent a third party's disappearance." R. Doc. 308 at 10.

### III. LAW AND ANALYSIS

#### A. The Law of Subject Matter Jurisdiction[6]

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. A court must dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). A court should grant a motion under 12(b)(1) "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Id.* In response to Dr. Wyatt's Motion to Dismiss for lack of subject matter jurisdiction, Third-Party Plaintiffs and Cross-Claimants assert this Court has subject matter jurisdiction under either admiralty and maritime jurisdiction provided by 28 U.S.C.

---

[5] Hercules admits Dr. Wyatt is entitled to a jury trial on this claim. "The second question left open by unification [of admiralty and civil procedure] is whether the issues in a third party complaint under Rule 14(c) that sounds in law rather than admiralty must be tried to a jury." Wright and Miller, 6 Federal Practice & Procedure (3d ed.), §1465.

[6] On Tuesday, September 27, the parties advised the Court they needed to conduct additional discovery before they could determine whether diversity jurisdiction exists in this matter. Thus, the parties have requested that the Court defer ruling on this issue.

§ 1333 or supplemental jurisdiction under 28 U.S.C. § 1367. The Court will address each potential source of jurisdiction in turn.

### a. Admiralty or Maritime Jurisdiction

Under 28 U.S.C. § 1333 "district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The test to determine whether admiralty jurisdiction exists in tort cases was outlined by the Supreme Court in *Grubart, Inc. v. Great Lakes Dredge & Dock Co.*:

> [A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity. A court applying the location test must determine whether the tort occurred on navigable water. The connection test raises two issues. A court, first, must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce. Second, a court must determine whether the general character of the activity giving rise of the incident shows a substantial relationship to traditional maritime activity.

513 U.S. 527, 534 (1995) (citations and internal quotations omitted).

The tort claim in the present case does not meet either condition of federal admiralty jurisdiction. The alleged harmful acts all occurred on land. The surgical procedure was not connected to maritime activity. However, Third-Party Plaintiffs and Cross-Claimants aver that "where the underlying claim is governed by the general maritime law, the contribution and indemnity claims are as well." R. Doc. 308 at 5 (citing *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 231 (5th Cir. 1985)).

However, the Court finds that the medical malpractice claim does not sound in admiralty, and Hercules' reliance on *Marathon* is misplaced. In *Marathon*, a drilling rig ruptured a pipeline on the seabed of the Outer Continental Shelf. *Marathon Pipe Line Co. v. Drilling Rig*

8

*ROWAN/ODESSA*, 761 F.2d 229, 231 (5th Cir. 1985). The pipeline owner hired the third-party defendant to complete repairs on the pipeline—still in a maritime location. Due to a defective product the repair failed, leading to additional damages. *Id*. In evaluating whether the indemnity claim was governed by maritime law, the court explained, "[t]he sovereignty of maritime law over the original tort does not necessarily make that body of law control [the Third-Party Defendant's] liability to Marathon." *Id*. at 234. In finding that maritime law governed the indemnity claim at issue in this case, the court reasoned that indemnity and contribution claims "occurred in a maritime place" and the facts of the claim did "not indicate any other appropriate law." *Id*. at 235-36. However, those elements do not exist here. The action leading to the medical malpractice claim here did not "occur[] in a maritime place." Further, Louisiana has medical malpractice laws which govern these claims. Thus, the medical malpractice claims are not governed by maritime law.

Furthermore, Fifth Circuit law indicates that state-law—not maritime law—governs third-party claims maritime tortfeasors bring against treating physicians. *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1038 (5th Cir. 1982). In *Joiner,* the court explained:

> A private land-locked physician who treats a patient who happens to have been injured at sea, does not thereby enter into an implied maritime contract. We can find absolutely no support for the proposition that an ordinary, private, onshore physician who treats an injured sailor has thereby submitted himself to the rules of maritime commerce. Rather, it has been consistently held that it is state law which controls in cases such as this.

*Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1038 (5th Cir. 1982); *see also Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1184 (5th Cir. 1984) ("Moreover, we are unable to conclude that simply because Litton's damages arise from its [maritime obligations] that therefore Litton's extra-[maritime] rights against Owens-Corning are necessarily governed by maritime law.").

Dr. Wyatt is an "ordinary, private, onshore physician." He treated the defendant at an onshore clinic 19 months after the maritime accident took place. Dr. Wyatt did nothing more than treat a patient—who happened to be injured in a maritime accident. This is an insufficient basis to establish maritime activity. Thus, Dr. Wyatt is not subject to maritime jurisdiction.

### b. Rule 14(c) Tender

Hercules also argues that its claims against Dr. Wyatt are permitted under a Rule 14(c) tender. When the Admiralty Rules merged with the Federal Rules of Civil Procedure in 1966, the drafters created Federal Rule of Civil Procedure 14(c) as a mechanism to maintain traditional admiralty rules of impleader in admiralty cases. *See* 6 Charles Alan Wright & Arthur R. Miller Et Al., Federal Practice & Procedure § 1465 (3d ed.2004). Accordingly, the Fifth Circuit requires that under Rule 14(c), the Third-Party Plaintiff "(1) [ ] asserts an action sounding in admiralty or maritime, (2) that arises out of the same transaction, occurrence, or series of transactions or occurrences as the plaintiff's original claim, (3) over which the district court has jurisdiction." *Ambraco, Inc. v. Bossclip B. V.,* 570 F.3d 233, 243 (5th Cir. 2009) (internal quotations omitted); *see also McDonough Marine Service v. Royal Ins. Co.,* 2001 WL 576190, *4 (E.D. La. May 25, 2001) ("[T]he third-party action [under Rule 14(c) ] must be cognizable in admiralty"). As discussed *supra*, the third-party and cross-claim against Dr. Wyatt are not based in admiralty. Thus, these claims may not be tendered pursuant to Rule 14(c).

### c. Supplemental Jurisdiction

A court may exercise supplemental jurisdiction over a claim or a party, where jurisdiction is otherwise lacking, if that claim or party is so related to a claim over which the court does have original jurisdiction that it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a); *see Miller v. Griffin-Alexander Drilling Co.*, 873 F.2d 809, 814 (5th Cir. 1989). "[A] third-party

claim lacking independent grounds of jurisdiction may be appended to an admiralty action and is cognizable in federal court under the doctrine of ancillary jurisdiction so long as the ancillary claim arises out of the same core of operative facts as the main admiralty action." *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1041 (5th Cir. 1982). Claims arise from a single case or controversy when all the claims "derive from a common nucleus of operative fact," such that one would expect them to be tried in a single judicial proceeding. *Gibbs*, 383 U.S. at 725. "A court's determination of whether to exercise supplemental jurisdiction is guided by considerations of judicial economy, convenience and fairness to litigants." *Id.* However, the exercise of supplemental jurisdiction is discretionary and a court may decline to extend supplemental jurisdiction even if the additional claim forms part of the same case or controversy if "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(3).

In *Miller*, the Fifth Circuit affirmed the district court's discretionary dismissal of a Plaintiff's claims against several doctors after it concluded that it lacked admiralty jurisdiction over those claims. 873 F.2d at 810, 814. The Fifth Circuit determined that the dismissal was not an abuse of discretion because "[t]he doctors were impleaded two and one-half years after the filing of the admiralty claims, and the [district] court noted that Louisiana has a comprehensive medical malpractice act under which the action against them could still be filed." *Id*. at 814. Similarly, in this case, the Third-Party Plaintiff and Cross-Claimant did not assert claims against Dr. Wyatt until more than three years after initiating this proceeding in this Court. Dr. Wyatt is entitled to a jury trial on the medical malpractice claims; whereas the remaining issues in this case will not be tried before a jury. Plaintiff has previously initiated a lawsuit against Dr. Wyatt in state court, and may still be able to recover in that matter. Thus, the original maritime claims and the state law medical malpractice claims are "too dissimilar" to warrant the exercise of supplemental

11

jurisdiction, and this Court finds the right to a jury trial and parallel suit in state court provide compelling reasons for declining jurisdiction. *See Harrison v. Glendel Drilling Co.*, 679 F. Supp. 1413, 1423 (W.D. La. 1988); *Miller v. Griffin-Alexander Drilling Co.*, 685 F. Supp. 960, 966 (W.D. La. 1988), aff'd, 873 F.2d 809 (5th Cir. 1989). Finally, "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Miller*, at 966 (citing *Gibbs,* 383 U.S. at 726, (1966)). Accordingly, the Court does not feel that justice would be served by exercising supplemental jurisdiction over the third-party complaint and cross-claim.

## IV. CONCLUSION

A court must dismiss a case for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. The Court finds the claims against Dr. Wyatt are not based on maritime jurisdiction under 28 U.S.C. § 1333. As such, Third-Party Plaintiff and Cross-Claimant have not demonstrated an independent jurisdictional basis for these claims. Further, the Court finds it is not appropriate to extend supplemental jurisdiction under 28 U.S.C. § 1367 to the medical malpractice claims against Dr. Wyatt.

For the foregoing reasons,

**IT IS ORDERED** that Third-Party and Cross-Claim Defendant, Dr. David Wyatt's Motions to Dismiss for Lack of Subject Matter Jurisdiction, R. Docs. 288, 315, are **GRANTED**. The third party complaint and counter-claim are **DISMISSED WITHOUT PREJUDICE**. The parties may submit additional briefing to determine if subject matter jurisdiction exists via diversity jurisdiction in this case.

**IT IS FURTHER ORDERED** that Third-Party and Cross-Claim Defendant, Dr. David Wyatt's Motions to Dismiss for Failure to State a Claim or Alternatively Motion for Summary Judgment, R. Docs. 289, 314, are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Third-Party and Cross-Claim Defendant, Dr. David Wyatt's Motions to Dismiss as Time Barred Under Laches or State Law Prescription, R. Docs. 290, 313, are **DISMISSED AS MOOT.**

New Orleans, Louisiana this 7th day of October, 2016.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE